| | |
|---|---|
| STANLEY E. REDICK, III.,<br><br>Plaintiff,<br><br>v.<br><br>LOWES HOME CENTERS, LLC,<br><br>Defendant. | Case No. 1:21-cv-358-DAD-HBK<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE AS TO FEDERAL SUBJECT MATTER JURISIDICTION AND DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT, OR VOLUNTARILY DISMISS THE ACTION<br><br>TWENTY-ONE DAY DEADLINE |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Stanley E. Redick, III. initiated this action proceeding *pro se* by filing a Complaint against Lowest Corporation and Lowest home Centers, LLC on March 8, 2021. (Doc. No. 1). The Court granted Plaintiff's motion for leave to proceed *in forma pauperis.* Plaintiff is now proceeding on his First Amended Complaint[1] against defendant Lowes Home Centers, LLC. (Doc. No. 10).

In pertinent part, the Amended Complaint alleges Lowes Home Centers, LLC falsely arrested and then maliciously prosecuted Plaintiff stemming from incidents that occurred at

---

[1] Plaintiff *sua sponte* filed a First Amended Complaint to correct he name of defendant.

1

Lowes on November 3, 2018 and November 10, 2018. (*See generally* Doc. No. 10). Although not entirely clear, it appears a Lowes employee accused Plaintiff of theft and the Sonora Police Department reported to investigate the allegations. (*Id.* at 2). Plaintiff admits staying in jail for 3 to 5 days. (*Id.* at 2). Plaintiff blames Defendant accusing Lowes of making "false statements" about him. (*Id.*) The Amended Complaint generally refers to the Fourth, Eighth, Seventh and Fourteenth Amendments of the United States Constitution. (*Id.* at 4). The Amended Complaint does not state what damages Plaintiff seeks from the alleged wrongdoing.

The Court is required to *sua sponte* inquire whether it has proper subject matter jurisdiction of a case. "Federal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc. v.* Jackson, ____ U.S. ____, 139 S.Ct. 1743, 1745 (2019) (citations omitted). Article II, § 2 of the Constitution delineates "the character of the controversies over which federal judicial authority may extend." *Id.* (citations omitted). "And lower federal-court jurisdiction 'is further limited to those subjects encompassed within a statutory grant of jurisdiction.'" *Id.* Here, it is unclear whether this court has jurisdiction.

A federal court has subject matter jurisdiction of a case when it raises a federal question, or when diversity jurisdiction exists. *See* 28 U.S.C. §§ 1331, 1332(a); *see also Home Depot USA* 139 S.Ct. at 1745. Although Plaintiff cites various U.S. Constitutional Amendments in his Amended Complaint, Defendant "Lowes Home Centers" is neither a state actor, nor a federal actor for purposes of 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), or the Federal Tort Claims Act. Absent federal question jurisdiction, this Court lacks subject matter jurisdiction of the case. Further, to the extent Plaintiff may have been prosecuted and convicted, *Heck v. Humphrey*, 512 U.S. 477 (1994) bars a claim for monetary damages absent the conviction being reversed, expunged, or otherwise invalidated.

Absent federal question jurisdiction, plaintiffs may proceed in federal court if diversity jurisdiction exists. Diversity jurisdiction requires complete diversity of citizenship among the opposing parties and an amount in controversy in excess of $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). Citizenship requires physical presence and the intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Turning to the amount in

controversy, there are no facts alleging damages in excess of $75,000.00. Without diversity of citizenship and amount in controversy in excess of $75,000, the Court lacks subject matter jurisdiction. Here, Plaintiff does not allege a monetary amount for damages.

In fact, the Complaint is devoid of enough facts to set forth federal jurisdiction and to state a sufficient claim. A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

If the court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). A district court should not, however, advise the litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

Based on the foregoing, Plaintiff must respond to this Order to Show Cause addressing the jurisdictional issues or file a Second Amended Complaint correcting the pleading deficiencies set forth above. If Plaintiff determines this Court does not have jurisdiction to hear his claim, he may alternatively file a Notice of Voluntary Dismissal.

Accordingly, it is **ORDERED**:

1. Within twenty-one (21) days from the date on this order, Plaintiff must file a Response to this Order to Show Cause or file a Second Amended Complaint.

2. Alternatively, if plaintiff chooses to do so, he may file a Notice of Voluntary Dismissal.

3. Failure to comply with this order may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

Dated: June 8, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE