1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STANLEY E. REDICK, III, | Case No.: 1:21-cv-00358-NONE-SAB (PC) |
| Plaintiff, | |
| v. | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF INTENT TO PROCEED ON CLAIM FOUND TO BE COGNIZABLE |
| LOWE'S HOME CENTERS, LLC, | |
| Defendant. | (ECF No. 13) |

Plaintiff Stanley E. Redick, III, proceeding *pro se* and in forma pauperis, filed this action on March 8, 2021, against Defendant Lowe's Home Centers, LLC

**I.**

**PROCEDURAL BACKGROUND**

Plaintiff filed the instant action on March 8, 2021.

On May 6, 2021, Plaintiff filed a first amended complaint.

On June 8, 2021, the Court issued an order for Plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction.  (ECF No. 10.)  Plaintiff was directed to file a second amended complaint or notice of voluntary dismissal.  (Id.)

Plaintiff filed a second amended complaint on June 17, 2021.  (EC No. 13.)

///
///

1   On June 25, 2021, this action was found to be related to  Stanley E. Redick, III v. Lowe's

2   Home Centers, LLC, 1:21-cv-00979-NONE-SAB and reassigned to the undersigned as presiding

3   magistrate judge. (ECF No. 16.)

**II.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at 678.  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility

2

and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

**III.**

**COMPLAINT ALLEGATIONS**

Plaintiff seeks to allege claims for malicious prosecution, mistaken identity, false imprisonment, false arrest, libel, slander, negligence, defamation, Bane's Act violation, and section 1983 violation.

Plaintiff's second amended complaint alleges the following eight causes of action against Lowes's Home Centers: (1) mistaken identity; (2) malicious false accusations; (3) reckless disregard for the truth; (4) malicious prosecution; (5) false imprisonment; (6) false arrest; (7) Bane's Act violation; and (8) Section 1983 violation.

Plaintiff's mistaken identity, malicious false accusations, and reckless disregard for the truth, are not cognizable tort claims. Plaintiff's "mistaken identity" claim is premised on the allegation that *Lowe's employees* accused him of involvement in a crime, and his denial of any involvement. This claim is redundant of his malicious prosecution claim and/or his malicious false accusation and reckless disregard for the truth claim. Further, liberally construed, the complaint, at most, states a claim for negligence based on a "mistake."

With regard to Plaintiff's "malicious false accusations" and "reckless disregard for the truth," these claims are essentially for defamation. Both claims allege that Defendant Lowe's made false and slanderous statements about him to police and committed "libel" against him. Indeed, the only distinction between the two claims is the fact that one pleads intentionally false statements to police and the other pleads statements which were made with reckless disregard for the truth. Accordingly, a fair reading of Plaintiff's second amended complaint alleges causes of action for negligence, defamation, malicious prosecution, and false imprisonment, based on alleged statements by Lowe's to the Sonora Police Department on November 10, 2018, accusing him of participation in a crime on November 3, 2018.

///

///

///

**IV.**

**DISCUSSION**

**A.     Civil Rights Act-Section 1983**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual acts under color of state law under section 1983 where he has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941) ). Generally, private parties are not acting under color of state law. Price v. State of Hawaii, 939 F.2d 702, 707–08 (9th Cir. 1991). In addressing whether a private party acts under color of law, the court starts "with the presumption that private conduct does not constitute governmental action." Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999).

To act under color of law does not require that the defendant be an employee of the state, but he must be "a willful participant in joint action with the State or its agents.   Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27–28 (1980). There are four different factors or tests that courts use to determine if a private party is acting under color of law: "(1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus." Sutton, 192 F.3d at 835–36.

However, "purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." Ouzts v. Maryland Nat. Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974); see also Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) (there is no right to be free from the infliction of constitutional violations by private actors).

To establish liability under section 1983, a plaintiff must sufficiently plead that the defendant is engaged in state action. Brunette v. Humane Soc'y of Ventura Cty., 294 F.3d 1205, 1209 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Aug. 23, 2002). "Whether a private party

4

engaged in state action is a highly factual question[,]" in which the nature and extent of the relationship between the defendant and the state is crucial. Id.

Here, Plaintiff has failed to allege any facts that Lowe's was acting under color of state law in falsely reporting his participation in a crime. As the second amended complaint is devoid of any allegations that Lowe's was acting under color of state law, Plaintiff has failed to state a cognizable claim against Lowe's under section 1983.

**B.      State Law Claims**

To the extent Plaintiff has sufficiently alleged diversity jurisdiction, Plaintiff's state law claims are subject to dismissal.

1.      Statute of Limitations

Because this is a diversity case, forum state law determines which state's statute of limitations governs. Guaranty Trust Co. v. York, 326 U.S. 99 (1945); Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941)." Flowers v. Carville, 310 F.3d 1118, 1123 (9th Cir. 2002). Actions for libel, slander, and false imprisonment are subject to the one year statute of limitations. Calif. Code Civ. Proc. § 340(c). This one year limitations period also applies to claims for defamation. See Shivley v. Clarke, 31 Cal. 4th 1230, 1246 (2003) (holding that the applicable statute of limitations for a defamation action is one year under § 340(c)).

Even assuming Lowe's can be liable, Plaintiff's false imprisonment claim is barred by the one year limitations period. In California, "the tort [of false imprisonment] consists of the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short. That length of time can be as brief as 15 minutes. Restraint may be effectuated by means of physical force, threat of force or of arrest, confinement by physical barriers, or by means of any other form of unreasonable duress." Fermino v. Fedco, Inc., 7 Cal.4th 701, 715 (1994) (internal citations and quotation marks omitted). A false imprisonment claim accrues when confinement ends. Scannell v. County of Riverside, 199 Cal. Rptr. 644, 654 (1984); see also Collins v. Los Angeles, 241 Cal.App.2d 451, 457 (1966) (accrual for false imprisonment occurs when the plaintiff is released from his alleged illegal restraint.

///

5

The exhibits attached to Plaintiff's second amended complaint reflect that Plaintiff turned himself in at the Tuolumne County Jail on December 19, 2018.  He was detained in the jail for three to five days.  Therefore, Plaintiff's false imprisonment claim accrued no later than December 24, 2018 (the latest date of his release), and he had until December 24, 2019, to bring his claim.[1,2]  In asserting a defamation claim, Plaintiff contends that false statements were "published" to the Sonora Police Department on November 10, 2018.  Therefore, the one-year statute of limitations ran on November 10, 2019, and Plaintiff did not file the original action until January 5, 2021, which is clearly untimely.

   2.   Absolute Privilege

Defendant argues that all of Plaintiff's claims except the malicious prosecution claim fails as a matter of law because the statements on which they are based were absolutely privileged.

An individual cannot be held liable for the statements accusing another individual of theft to law enforcement officials because such statements were privileged under California Civil Code § 47(b). "Section 47 establishes a privilege that bars liability in tort for the making of certain statements." Hagberg v. California Fed. Bank, 32 Cal. 4th 350, 360–61 (2004). The privilege generally applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some

---

[1] While section 352.1 of the California Code of Civil Procedure allows for tolling of the statute of limitations for a period of imprisonment, not to exceed two years unless serving a life sentence without possibility of parole, such tolling is not applicable here because Plaintiff was not incarcerated at the time his cause of action accrued.  Cal. Civ. Proc. Code § 352.1 (tolling applies to prisoners sentenced to "a term less than for life"); Brooks v. Mercy Hosp., 1 Cal.App.5th 1, 6-7 (2016) (tolling provision construed "to mean that only those sentenced to life without the possibility of parole should be excluded from the tolling provision.")  However, section 352.1 does not apply to an individual who is in pretrial custody in a county jail at the time his claims accrued because he is not "imprisoned on a criminal charge" within the meaning of section 352.1. Austin v. Medicis, 21 Cal.App.5th 577, 597 (Cal. Ct. App. 2018), reh'g denied (Apr. 11, 2018), review denied (June 13, 2018); see also Groce v. Claudat, 603 F. App'x 581, 582 (9th Cir. 2015) (§ 352.1 inapplicable where plaintiff "was not incarcerated when his claims accrued"); Shaw v. Sacramento County Sheriff's Department, 343 F.Supp.3d 919, 924 (E.D. Cal. 2018) (discussing holding in Austin and finding the plaintiff was not serving a prison sentence upon his arrest and subsequent time in county jail); McCain v. Brosowke, No. EDCV 17-2377 MWF (SS), 2018 WL 1918533, at *3-4 (C.D. Cal. Apr. 20, 2018) (same).

[2] Plaintiff also attempts to raise a separate claim for false arrest.  However, under California law, "[f]alse imprisonment consists of the unlawful violation of the personal liberty of another person; a false arrest is merely one way in which a false imprisonment may be accomplished—the two are not separate torts." (Hagberg v. California Fed. Bank, 32 Cal.4th 350, 372, fn. 7 (2004); accord, Kesmodel v. Rand, 119 Cal.App.4th 1128, 1137 (2004) (" 'False arrest is not a different tort but merely one way of committing the tort of false imprisonment.' ") (citation omitted).

connection or logical relation to the action." <u>Wang v. Heck</u>, 203 Cal. App. 4th 677, 683 (2012). The privilege is not limited to statements made during a trial or other proceeding but may extend "to statements made prior to the filing of a lawsuit, whether in preparation for anticipated litigation or to investigate the feasibility of filing a lawsuit." <u>Hagberg</u>, 32 Cal. 4th at 361 ("[I]t is late in the day to contend that communications with 'some relation' to an *anticipated* lawsuit are not within the privilege."). The privilege's purpose "is to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." <u>Wang</u>, 203 Cal. App. 4th at 683 (citations omitted).

Notably, "when a citizen contacts law enforcement personnel to report suspected criminal activity and to instigate law enforcement personnel to respond, the communication also enjoys an unqualified privilege under section 47(b)." <u>Hagberg</u>, 32 Cal. 4th at 364. This is an "'absolute' privilege, and it bars all tort causes of action except a claim for malicious prosecution." <u>Id.</u> at 360; <u>see also</u> <u>Silberg v. Anderson</u>, 50 Cal.3d 205, 215-16 (1990) ("The only exception to the application of [this section] to tort suits has been for malicious prosecution actions.")

In addition to defamation claims, the absolute privilege section 47(b) has been held to bar claims for false imprisonment and assault (<u>Hunsucker v. Sunnyvale Hilton Inn</u>, 23 Cal.App.4th 1498 (1994)), abuse of process (<u>Drasin v. Jacoby & Myers</u>, 150 CalApp.3d 481 (1984), negligent and intentional infliction of emotional distress (<u>Ribas v. Clark</u>, 38 Cal.3d 355 (1985), <u>Williams v. Taylor</u>, 129 Cal.App.3d 745 (1982), and negligence (<u>Pettitt v. Levy</u>, 28 Cal.App.3d 484 (1972)).

Any statements made by Lowe's to law enforcement officers accusing Plaintiff of theft were privileged because they were made to "law enforcement personnel to report suspected criminal activity and to instigate law enforcement personnel to respond." <u>Hagberg</u>, 32 Cal. 4th at 364. The Court notes that section 47 was amended to exclude communication as privileged "between a person and a law enforcement agency in which the person makes a false report that another person has committed, or in the act of committing, a criminal act or is engaged in an activity requiring law enforcement intervention, knowing that the report is false, or with reckless disregard or falsity of the report." 202 Cal. Legis. Serv. Ch. 327 (A.B. 1775); <u>Tuomela v. Waldorf-Astoria Grand Wailea Hotel</u>, No. 20-cv-00177 JSM-RT, 2021 WL 233695, at *2, fn. 5 (D. Haw. Jan. 22, 2021). This amendment

was approved by the Governor of California on September 30, 2020, and took effect on January 1, 2021.  2020 Cal ALS 327, 2020 Cal AB 1775, 2020 Cal. Stats. Ch. 327.   It is without question that the communication in this case took place in November 2018, more than two years prior to the date the amendment took effect.  "Statute ordinarily are interpreted as operating prospectively in the absence of a clear indication of a contrary legislative intent."  Quarry v. Doe I, 53 Cal.4th 945, 955 (2012).  The United States District Court for the Central District of California recently held that the amendment does not apply retroactively.  See Gonzales v. City of L.A., No. 2:20-CV-03519-JGB (MAA), 2021 U.S.Dist.LEXIS 102083, at *18 (C.D. Cal. Mar. 10, 2021).  There, in considering a motion a dismiss pursuant to Rule 12(b)(6) for multiple tort causes of actions based on false statements made to police, the Court acknowledged the amendment to Section 47, subdivision (b), but found the amendment did not apply retroactively absent clear legislative intent.  Id. at *16-18.  Nothing in the amended statutory language evidences an intent that the amendment apply retroactively, and therefore as in Gonzalez, all of Plaintiff's tort claims, except malicious prosecution, fail as a matter of law because the statements of which they are based were absolutely privileged.  Id.; But see, Moore v. Rodriguez, No. 20-cv-01481-BAS-BGS, 2021 WL 2222590, at * 11 (S.D. Cal. June 2, 2021) (applying amendment retroactively without determination of legislative intent).

    3.   Malicious Prosecution

In California, the malicious prosecution plaintiff must plead and prove that the prior proceeding commenced by or at the direction of the malicious prosecution defendant, was: (1) pursued to a legal termination favorable to the plaintiff; (2) brought without probable cause; and (3) initiated with malice.  Villa v. Cole, 4 Cal. App. 4th 1327, 1335 (Cal. Ct. App. March 18, 1992); see also Sagonowsky v. More, 64 Cal. App. 4th 122, 128 (Cal. Ct. App. May 22, 1998).  If a plaintiff cannot establish any one of these three elements, his malicious prosecution action will fail.  StaffPro, Inc. v. Elite Show Services, Inc., 136 Cal. App. 4th 1392, 1398 (Cal. Ct. App. Feb. 24, 2006).

    a.   **Favorable Termination**

With respect to the element of favorable termination, this element "requires a termination reflecting the merits of the action and plaintiff's innocence of the misconduct." Pattiz v. Minye, 61 Cal. App. 4th 822, 826 (Cal. Ct. App. Feb. 19, 1998).  A termination "must relate to the merits of the

8

1  action by reflecting either on the innocence of or lack of responsibility for the misconduct alleged

2  against him." <u>Sagonowsky v. More</u>, 64 Cal. App. 4th at 128.  Particularly, "[i]f the resolution of the

3  underlying action leaves some doubt concerning plaintiff's innocence or liability, it is not a favorable

4  termination sufficient to show a cause of action for malicious prosecution." <u>Pattiz v. Minve</u>, 61 Cal.

5  App. 4th at 826; <u>see also</u> <u>Awabdy v. City of Adelanto</u>, 368 F.3d 1062, 1068 (9th Cir. 2004) ("[A]

6  dismissal in the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting

7  party or the court that the action lacked merit or would result in a decision in favor of the defendant.").

8         The Ninth Circuit has held dismissal qualifies as a favorable termination only "if it reflects the

9  opinion of the prosecuting party or the court that the action lacked merit or would result in a decision

10  in favor of the defendant." <u>Awabdy v. City of Adelanto</u>, 368 F.3d 1062, 1068 (9th Cir.2004). The

11  court continued, "When such a dismissal is procured as the result of a motion by the prosecutor and

12  there are allegations that the prior proceedings were instituted as the result of fraudulent conduct, a

13  malicious prosecution plaintiff is not precluded from maintaining his action unless the defendants can

14  establish that the charges were withdrawn on the basis of a compromise among the parties or for a

15  cause that was not inconsistent with his guilt." <u>Id.</u>

16         Here, Plaintiff did not specifically allege favorable termination in the second amended

17  complaint; however, Plaintiff has attached a copy of the minute order issued by the state court in the

18  underlying criminal action of which the Court takes judicial notice.  Based on the evidence before the

19  Court, it cannot be said with certainty that dismissal was on the merits and reflective of innocence, as

20  opposed to on technical or procedural ground that are not inconsistent with guilt.  See <u>Jaffe v. Stone</u>,

21  18 Cal.2d 146, 150 (1941) ("[i]t is not enough, however, merely to show that the proceeding was

22  dismissed."  If a dismissal "is of such a nature as to indicate the innocence of the accused, it is a

23  favorable termination sufficient to satisfy the requirement. If, however, the dismissal is on technical

24  grounds, for procedural reasons, or for any other reason not inconsistent with [her] guilt, it does not

25  constitute a favorable termination."); <u>Susaq v. City of Lake Forest</u>, 94 Cal.App.4th 1401, 1411 (2002)

26  ("[w]hen the proceeding terminates other than on the merits, the court must examine the reasons for

27  termination to see if the disposition reflects the opinion of the court or the prosecuting party that the

28  action would not succeed."); <u>Sycamore Ridge Apartments LLC v. Naumann</u>, 157 Cal.App.4th 1385,

1399 (2007) ("[s]hould a conflict arise as to the circumstances of the termination, the determination of

the reasons underlying the dismissal is a question of fact. [Citation.]' [Citation.]").  Plaintiff has failed

to allege or demonstrate that the criminal action was terminated in his favor.  Accordingly, because

Plaintiff has failed to meet his burden of proof on the first element of his malicious prosecution claim,

and Plaintiff shall be granted leave to file a third amended complaint to cure the deficiency, if he can

do so in good faith.[3]

### 4. Bane Act Claim

The Bane Act provides a private cause of action against anyone who "interferes by threats,

intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the

exercise or enjoyment by an individual or individuals of rights secured by the Constitution or laws of

the United States, or laws and rights secured by the Constitution or laws of California." Cal. Civ. Code

§ 52.1(a).  The Bane Act requires "an attempted or completed act of interference with a legal right,

accompanied by a form of coercion." Jones v. Kmart Corp., 17 Cal. 4th 329, 334 (1998).  "The

essence of a Bane Act claim, under California law, is that the defendant, by the specified improper

means, tried to or did prevent the plaintiff from doing something he or she had the right to do under

the law or to force the plaintiff to do something he or she had the right to do under the law or to force

the plaintiff to do something that he or she was not required to do under the law. Lawman v. City and

County of San Francisco, 159 F. Supp. 3d 1130 (N.D. Cal. 2016).  A Bane Act claim "requires a

specific intent to violate the arrestee's right to freedom from unreasonable seizure." Reese v. County of

Sacramento, 888 F.3d 1010, 1043 (9th Cir. 2018).

Plaintiff contends that Lowe's is accountable for "humilator battery against me for a illegal

search and seizure being an accused citizen and not a guilty party…."  (ECF No. 13 at 6.)  Liberally

construed Plaintiff has stated a cognizable Bane Act violation against Lowe's based on the alleged

false accusation that he committed a crime on or about November 3, 2018, which lead to his arrest and

---

[3] See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.); see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).

1  detention.  <u>See, e.g.</u>, <u>Reese v. City of Sacramento</u>, 888 F.3d 1030, 1043-44 (9th Cir. 2018) ("the Bane

2  Act requires a specific intent to violate the arrestee's right to freedom from unreasonable seizure."  It

3  was previously found that only a constitutional violation was needed to succeed on a Bane Act claim,

4  but those cases "did not address whether the Bane Act required some showing of intent in addition to

5  showing the constitutional violation.") (internal citations omitted); <u>Cornell v. City & County of San</u>

6  <u>Francisco</u>, 17 Cal.App.5th 766, 801-02 (2017) (any arrest without probable cause involves coercion,

7  and where accompanied by evidence of specific intent to violate the arrestee's Fourth Amendment

8  rights, such an arrest may provide the basis for a Bane Act claim); <u>Lowe v. County of Butte</u>, No. 2:20-

9  cv-01997-JAM-DMC, 2021 WL 1890386, at *9 (E.D. Cal. May 11, 2021) (noting that the court in

10  <u>Cornell</u> found that the plaintiff did not have to demonstrate additional coercive or threatening facts

11  beyond the false arrest claim because there is something inherently coercive about an arrest).

## V.

## CONCLUSION AND ORDER

14      Plaintiff's complaint states a cognizable claim under the Bane Act against Defendant Lowe's.

15  Plaintiff has not sufficiently alleged facts to state a cognizable claim against any other named Defendant.

16  The Court will provide Plaintiff with the opportunity to file an amended complaint to cure the

17  deficiencies identified by the Court in this order.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir.

18  1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

19  complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

20      If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on

21  the cognizable Bane Act claim against Lowe's, Plaintiff may so notify the Court in writing, and the

22  Court will dismiss the other claims, and will forward Plaintiff summonses and two USM-285 form for

23  completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to

24  initiate service of process.

25      If Plaintiff opts to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Plaintiff

26  must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other

27  federal rights: "The inquiry into causation must be individualized and focus on the duties and

28  responsibilities of each individual defendant whose acts or omissions are alleged to have caused a

1    constitutional deprivation."  <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).  With respect to

2    exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not

3    necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other words, it is not necessary

4    to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's

5    factual allegations will be accepted as true.

6          Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule

7    8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual

8    matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Iqbal</u>, 556 U.S. at 678

9    (quoting <u>Twombly</u>, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual

10   content that allows the court to draw the reasonable inference that the defendant is liable for the

11   misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556).

12         Plaintiff is advised that an amended complaint supersedes the original complaint.  <u>Forsyth v.</u>

13   <u>Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

14   The amended complaint must be "complete in itself without reference to the prior or superseded

15   pleading."  Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

16   complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing

17   <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

18   In other words, even the claims that were properly stated in the original complaint must be completely

19   stated again in the amended complaint.

20         Based on the foregoing, it is HEREBY ORDERED that:

21         1.    Within thirty (30) days from the date of service of this order, Plaintiff must either:

22               a.    File an amended complaint curing the deficiencies identified by the Court in this order,

23                     or

24               b.    Notify the Court in writing that he does not wish to file an amended complaint and wishes

25                     to proceed only against Lowe's for a Bane Act violation; and

26   ///

27   ///

28   ///

12

2.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **August 5, 2021**

UNITED STATES MAGISTRATE JUDGE