# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY E. REDICK, III,<br><br>  Plaintiff,<br><br>v.<br><br>LOWES HOME CENTERS, LLC,<br><br>  Defendant. | Case No.  1:21-cv-00358-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEPOSITION<br><br>(ECF Nos. 47, 48) |

**I.**

**INTRODUCTION**

Plaintiff Stanley E. Redick, III, proceeding *pro se* and in forma pauperis, filed this action on March 8, 2021, against Defendant Lowe's Home Centers, LLC. On May 31, 2022, Plaintiff filed a motion to compel that was entered on the docket on June 1, 2022. (ECF No. 47.) The moving papers, while not clear, appear to implore the Court to either order Defendant to assist or compel the deposition of a nonparty, for the government to assist in deposing the nonparty, or to simply compel the nonparty to appear for a deposition.

Given Plaintiff did not set this matter for hearing,[1] the Court, having reviewed the moving papers, the opposition, and the Court's record, finds the matter suitable for decision

---

[1] Plaintiff is directed to review the requirements of Local Rule 251 pertaining to the filing of discovery related motions, including the procedures for setting a discovery motion for hearing, and the need for the parties to file a joint statement regarding the discovery dispute.

1

without further briefing or oral argument. See Local Rule 230(g), 251(a). For the reasons explained below, Plaintiff's motion shall be denied.

## II.

## LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena to command a nonparty to "to do the following at a specified time and place: produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii); Fed. R. Civ. P. 30(a)(1) ("The deponent's attendance may be compelled by subpoena under Rule 45"). "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." Fed. R. Civ. P. 45(a)(3). If necessary to enforce that subpoena, a party may move to compel a deposition of a nonparty in the court where the discovery is to be taken. Fed. R. Civ. P. 37(a)(1)-(2).

It is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and 34. Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Service Center, 211 F.R.D. 648, 662 (D. Kan. 2003) (quoting Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1) that the amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."). Rule 34(a) provides that a party may serve a request that is within the scope of Rule 26.

Under the Federal Rules of Civil Procedure,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Although relevance is broadly

defined, it does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (quoting Oppenheimer Fund, Inc., 437 U.S. at 351).  While discovery should not be unnecessarily restricted, discovery is more limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents.  Dart Industries Co., Inc. v. Westwood Chemical Co., Inc., 649 F.2d 646, 649 (9th Cir. 1980).  In deciding discovery disputes, courts must be careful not to deprive the party of discovery that is reasonably necessary to their case.  Dart Industries Co., Inc., 649 F.2d at 680.  "Thus, a court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena."  Gonzales, 234 F.R.D. at 680.

### III.

### DISCUSSION

**A.    The Moving Papers and Defendant's Opposition**

As Plaintiff's first statement concerning the motion is unclearly laid out, the Court will reproduce it in full.  Plaintiff states he is moving the Court for an order: "requiring the government to provide a deposition to the plaintiff . . . from the defendant's Lowe's Home Centers, LLC. 1.) Sarah Debros-Budrow deposition done by plaintiff 2.) declarations related to the defendant's case made by the defendant in all cases by Sarah Dubros-Budrow 3.) All specifics in regards to the location of Sarah Dubros-Budrow on 11/10/2018 4.) Statements made on both declarations made by Sarah Dubros-Budrow as to Officer Mallon being in her office on 11/10/2019 reviewing video from 11/3/2018 from a theft committed at Lowe's Sonora and statements made on a separate declaration made that Officer Mallon was not in her office on 11/10/2018. 5.) Sarah Debros-Budrow statements as to whom called the Sonora Police Department on 11/10/2018 on behalf of the defendant 6.) Sarah Debros-Budrow statement as to the purpose of the call to the Sonora Police Department on 11/10/2018 [sic]." (ECF No. 47 at 1.)[2]

Plaintiff states he notified Defendant's counsel by meet and confer mail about all witness

---

[2] Plaintiff uses three different spellings of the nonparty's name, and Defendant uses another.  It appears the correct spelling is "Dubos-Budrow."

deposition requests and counsel informed Plaintiff that Ms. Dubos-Budrow was no longer an employee of the Defendant, and that Defendant has no legal obligation to depose her. Plaintiff avers that he met and conferred with defense counsel regarding depositions of certain police officers; that service was denied for Officer Bolley by a lieutenant of the Sonora Police Department, due to orders from their counsel and because they were looking into new dates for the deposition; and states that service was accepted for an Officer Mallon, also looking into new deposition dates. Despite averring to these other depositions, Plaintiff states he is moving to depose Sarah Dubos-Budrow, and asks the Court to help with deposing her. Plaintiff states he is bringing the motion pursuant generally to the Federal Rules of Civil Procedure, but only expressly cites to Federal Rule of Civil Procedure 26.

It is further unclear whether Plaintiff is stating Defendant has failed to provide initial disclosures in total, or just in relation to the deposition of Ms. Dubros-Budrow, as Plaintiff writes: "I requested from the defendant's [counsel] the discovery deposition from defendant Sarah Dubros-Budrow on May 9th, 2022, and required this information under rule 26(a) disclosures were served on February 14, 2022. At January 18, 2022, telephonic scheduling conference, the court ordered the defendant to provide the plaintiff with its 26(a) disclosures, non-expert discovery, by July 18, 2022 [sic]." (ECF No. 47 at 3-4.)[3]

On June 9, 2022, Defendant filed a response to the motion to compel. (ECF No. 48.) Defendant argues that Plaintiff does not cite any authority that mandates the government to provide a deposition of Ms. Dubos-Budrow; that it is impossible to discern who exactly Plaintiff's motion to compel is directed to; that to the extent it is directed at Defendant to produce a nonparty nonemployee witness, Plaintiff has not provided authority showing Defendant has an obligation or ability to compel a former employee to appear for a deposition; and if directed at the nonparty Ms. Dubos-Budrow, Plaintiff has failed to demonstrate that he

---

[3] The Court notes that while Plaintiff filed his initial disclosures and discovery responses on the Court's docket, he is not required to do so, and only must serve on the other party. (See ECF Nos. 45, 46.) To the extent Plaintiff is alleging Defendant did not serve initial disclosures, Plaintiff does not clearly set forth such argument. To the extent he is averring that Defendant is required to disclose certain information by the nonexpert discovery deadline, Defendant is only obligated to do so in response to properly served discovery requests, if Defendant did serve its initial disclosures previously.

1  personally served her with a deposition subpoena.  (ECF No. 48 at 1-2.)

2        **B.**      **The Court Shall Deny Plaintiff's Motion for Lack of Personal Service and Deny Motion for Issuance of Subpoena or Service by U.S. Marshal**

3

4        There is no indication that Plaintiff has requested or obtained a subpoena, nor that the

5  nonparty was personally served with a deposition subpoena.  To the extent Plaintiff is requesting,

6  through his statements that he is seeking the government's assistance in completing a deposition,

7  that the Court issue a subpoena or direct the U.S. Marshal to serve a deposition subpoena, such

8  request is denied without prejudice given the unclear nature of Plaintiff's filing, and lack of a

9  clear request or information pertaining to the deponent.

10       Federal Rule of Civil Procedure 45 governs subpoenas, which are the mechanism for

11 obtaining discovery and testimony from nonparties.  A subpoena may be issued by the Court, the

12 Clerk of Court, or an attorney as an officer of the Court for witnesses and documents found

13 within its jurisdiction.  See Fed. R. Civ. P. 45(a)(2), (3).  "Although Rule 45(a)(3) provides that

14 '[t]he clerk must issue a subpoena, signed but otherwise blank, to a party who requests it,' the

15 subpoena is subject to the relevance requirements set forth in Rule 26(b) and may require the

16 production of documents which are 'nonprivileged' and 'relevant to any party's claim or defense

17 and proportional to the needs to the case.' "  Cortinas v. Vasquez, No. 119CV00367JLTSKOPC,

18 2022 WL 1053298, at *1 (E.D. Cal. Apr. 7, 2022) (quoting Fed. R. Civ. P. 26(b)(1)); Ross v.

19 Steinwand, No. CV 14-5291-RGK (KES), 2015 WL 13916191, at *1 (C.D. Cal. Sept. 3, 2015)

20 ("A *pro se* plaintiff's ability to obtain a subpoena commanding the production of documents from

21 a non-party is subject to certain limitations.  The Court will not issue a subpoena unless the

22 documents sought from the non-party are not otherwise available to the plaintiff or cannot be

23 obtained from the defendant through a request for the production.").  "Plaintiff is not an attorney

24 and pro se litigant status does not equate to that of an attorney authorized to practice law.

25 Therefore, Plaintiff may not issue and sign a subpoena."  Id. (citations omitted); see also Alcon

26 v. Bright, No. 14-CV-01927-SI, 2015 WL 5559896, at *2 (N.D. Cal. Sept. 18, 2015) ("As

27 a *pro se* litigant, plaintiff needs the Court's Clerk to issue a subpoena.").

28       Plaintiff is notified that if he applies for and obtains a valid subpoena issued by the Court

1 or the Clerk of the Court, because he is proceeding *in forma pauperis*, pursuant to 28 U.S.C. §
2 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in
3 such cases." 28 U.S.C. § 1915(d).  "This provision requires the United States Marshals Service
4 ("USMS") to serve an indigent party's subpoena duces tecum, including by personal service."
5 Cortinas, at 2022 WL 1053298, at *2-3.

6 However, "Plaintiff is reminded that proceeding *in forma pauperis* ("IFP") does not
7 mean he is entitled to proceed without incurring costs.  Plaintiff is obligated to pay witness fees
8 and/or costs and to tender payment concurrently with the subpoena." Cortinas v. Vasquez, No.
9 119CV00367JLTSKOPC, 2022 WL 1110611, at *1 n.1 (E.D. Cal. Apr. 13, 2022) ("As another
10 example, a *pro se* plaintiff proceeding IFP must pay the necessary fees associated with
11 a subpoena for a witness to attend a deposition by written questions.").

12 Rule 30 of the Federal Rules of Civil Procedure governs the procedure by which
13 depositions are taken by oral examination. "A party who wants to depose a person by oral
14 questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1).
15 "The party who notices the deposition must state in the notice the method for recording the
16 testimony." Fed. R. Civ. P. 30(b)(3)(A). The noticing party must also bear the costs of
17 recording the deposition. Id.  In addition, that party must arrange for an officer to conduct the
18 depositions (absent a stipulation by all parties otherwise). Fed. R. Civ. P. 30(b)(5)(A). If a
19 deponent is not a party to the action, he can be compelled to appear at a deposition examination
20 only by issuance of a subpoena pursuant to Rule 45. There is no obligation of the Court or the
21 Defendant in this action to pay the costs of an in-person deposition of the nonparty witness.
22 Plaintiff thus must pay for the deposition costs and non-party witness fees pursuant to Rule 45 of
23 the Federal Rules of Civil Procedure. Furthermore, Plaintiff is required to pay for the recording
24 of the depositions pursuant to Rule 30. Although Plaintiff is proceeding *in forma pauperis*, such
25 status does not entitle him to waiver of witness fees, mileage or deposition officer fees.

26 Again, Plaintiff has not indicated in his moving papers that he has obtained a subpoena,
27 which is required to compel the appearance of the nonparty at a deposition. Accordingly,
28 Plaintiff's motion to compel the deposition of the nonparty shall be denied on that basis. If

1 Plaintiff wishes to file a motion for the issuance of a subpoena, Plaintiff must file a proper
2 motion for such subpoena, and is notified that to the extent he is seeking the production of
3 documents ( subpoena duces tecum), such motion "should be supported by clear identification of
4 the documents sought and a showing that the records are obtainable only through the identified
5 third party":

> The court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required, Federal Rule of Civil Procedure 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court," Austin v. Winett, 2008 WL 5213414, *1 (E.D.Cal.2008); 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. See, e.g., Davis v. Ramen, 2010 WL 1948560, *1 (E.D.Cal.2010); Williams v. Adams, 2010 WL 148703, *1 (E.D.Cal.2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D.Pa.1991). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Id.

Baca v. Biter, No. 115CV01916LJOMJSPC, 2017 WL 1476943, at *2 (E.D. Cal. Apr. 25, 2017).

Even if Plaintiff did obtain a subpoena, there is no indication that the subpoena was personally served on the nonparty. Plaintiff avers that he served Ms. Dubos-Budrow with a "deposition request[]" by mail at her last known address, with no response. (ECF No. 47 at 2.) Plaintiff does not state the date of this mailing, nor provided a copy of a proof of service or description of what was served by mail on the nonparty at her last known address. Although not clear from the filings, it appears the last known address was provided by the Defendant to Plaintiff at some point, perhaps in initial disclosures. Rule 45 provides that any person who is at least 18 years old and not a party may serve a subpoena. Fed. R. Civ. P. 45(b). Rule 45 also requires a copy of the subpoena be delivered to the named person. Courts in the Ninth Circuit generally require a deposition subpoena be served by personal service on the nonparty. See Prescott v. Cnty. of Stanislaus, No. 1:10-CV-00592 JLT, 2012 WL 10617, at *3 (E.D. Cal. Jan.

3, 2012) ("Personal service of a deposition subpoena is required by Fed.R.Civ.P. 45(b)(1).") (collecting authorities).[4]  Accordingly Plaintiff's motion fails for lack of demonstration of personal service of a subpoena on the nonparty.  Again, if Plaintiff obtains a subpoena, he may employ the services of the U.S. Marshals to complete service.

Finally, to the extent Plaintiff is moving to compel the Defendant to take action as to the nonparty, Plaintiff's motion fails.  Generally, a party is not under a legal obligation to produce a nonparty as a witness at a deposition, unless the party has some control over them, such as where the party is an employee, an expert witness, or the party is exerting some sort of influence over the witness as to appearing.  See Jules Jordan Video, Inc. v. 144942 Canada Inc., 617 F.3d 1146, 1158 (9th Cir. 2010) ("For example, under Rule 30 any person's testimony may be taken by deposition.  If a person is a party, a simple notice of deposition is sufficient to compel attendance, while a non-party's attendance can be compelled only by subpoena."); Oliver v. In-N-Out Burgers, No. 12-CV-0767-H (DHB), 2013 WL 12415763, at *4 (S.D. Cal. Jan. 14, 2013) ("The Court cannot compel these non-parties to appear for deposition absent a properly served subpoena."); Sali v. Corona Reg'l Med. Ctr., 884 F.3d 1218, 1224–25 (9th Cir. 2018) ("A Rule 37 order is directed at the party.  It compels the party to use its best efforts to secure the nonparty's attendance at the deposition.  But it doesn't demand the impossible.  The party can avoid sanctions by showing that it attempted in good faith to comply with the order but was unable to produce the nonparty—regardless of whether the nonparty's absence was justified . . . .As a practical matter, a party seeking to compel a nonparty's deposition would be wise to use the subpoena process.  Still, there may be good reason to seek an order compelling the opposing party to produce its witness.  For example, if the party seeking the deposition suspects that the opposing party is the bottleneck—either directing or encouraging its witness not to appear—an order directed at the opposing party may be fruitful.").

---

[4] Some courts have found personal service not necessary, but usually in the context of granting alternative methods of service where personal service has been attempted but was unsuccessful.  See BBK Tobacco & Foods LLP v. Skunk Inc., No. CV-18-02332-PHX-JAT, 2020 WL 619675, at *1–2 (D. Ariz. Feb. 10, 2020) ("Nonetheless, "[i]n recent years a growing number of cases have departed from the view that personal service is required and alternatively have found service of a subpoena under Rule 45 proper absent personal service . . . Thus, it is far from unusual for a court to authorize alternative service of a subpoena upon a party's request after that party has attempted personal service without any success.").

8

Therefore, Plaintiff has not made a demonstration that Defendant is under any legal obligation to compel the nonparty former employee to appear at a deposition.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to compel (ECF No. 47) is DENIED.

IT IS SO ORDERED.

Dated:   **June 14, 2022**

UNITED STATES MAGISTRATE JUDGE