# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY E. REDICK, III,<br><br>     Plaintiff,<br><br>  v.<br><br>LOWES HOME CENTERS, LLC,<br><br>     Defendant. | Case No.  1:21-cv-00358-SAB<br><br>ORDER DENYING DEFENDANT'S MOTION TO QUASH SUBPOENA<br><br>ORDER VACATING SEPTEMBER 7, 2022 HEARING<br><br>(ECF No. 52) |

## I.

## INTRODUCTION

Plaintiff Stanley E. Redick, III, proceeding *pro se* and *in forma pauperis*, filed this action on March 8, 2021, against Defendant Lowe's Home Centers, LLC.  On August 25, 2022, Defendant filed a motion to quash Plaintiff's subpoena that was directed at the Sonora Police Department, a nonparty.  (ECF No. 52.)  The matter was set for hearing on September 7, 2022, at 11:00 a.m. in Courtroom 9.[1]  A joint statement of the parties was filed concurrently with the notice of the motion.  (Joint Statement ("JS"), ECF No. 52-1.)  The Court finds this matter suitable for decision without oral argument.  See Local Rule 230(g).  Accordingly, the hearing set for September 7, 2022, will be vacated, and the parties will not be required to appear at that time.  Having considered the joint statement, the declaration and exhibits attached thereto, as

---

[1]  The Court hears civil motions at 10:00 a.m. on Wednesdays, not 11:00 a.m.

1    well as the Court's file, Defendant's motion to quash shall be denied.

2    **II.**

3    **LEGAL STANDARDS**

4    Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena to

5 command a nonparty to "produce designated documents, electronically stored information, or

6 tangible things in that person's possession, custody, or control. . . ."  Fed. R. Civ. P.

7 45(a)(1)(A)(iii).  In response to the subpoena, the nonparty must serve objections to the request

8 before the earlier of the time specified for compliance or fourteen days after the subpoena is

9 served.  Fed. R. Civ. P. 45(d)(2)(B.)  If an objection is made, the serving party may move for an

10 order compelling compliance in the court for the district where compliance is required.  Fed. R.

11 Civ. P. 45(b)(1)(B(i).

12    It is well settled that the scope of discovery under a subpoena is the same as the scope of

13 discovery under Rule 26(b) and 34.  Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Service

14 Center, 211 F.R.D. 648, 662 (D. Kan. 2003) (quoting Advisory Committee Note to the 1970

15 Amendment of Rule 45(d)(1) that the amendments "make it clear that the scope of discovery

16 through a subpoena is the same as that applicable to Rule 34 and the other discovery rules.").

17 Rule 34(a) provides that a party may serve a request that is within the scope of Rule 26.  Under

18 the Federal Rule of Civil Procedure 26:

19
20
21
22
23
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

24

25 Fed. R. Civ. P. 26(b)(1).

26    Relevancy is broadly defined to encompass any matter that bears on, or that reasonably

27 could lead to other matter that could bear on, any issue that is or may be in the case.

28 Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Although relevance is broadly

2

1   defined, it does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D.

2   674, 680 (N.D. Cal. 2006) (quoting Oppenheimer Fund, Inc., 437 U.S. at 351).  While discovery

3   should not be unnecessarily restricted, discovery is more limited to protect third parties from

4   harassment, inconvenience, or disclosure of confidential documents.  Dart Industries Co., Inc. v.

5   Westwood Chemical Co., Inc., 649 F.2d 646, 649 (9th Cir. 1980).   In deciding discovery

6   disputes, courts must be careful not to deprive the party of discovery that is reasonably necessary

7   to their case.  Dart Industries Co., Inc., 649 F.2d at 680.  "Thus, a court determining the propriety

8   of a subpoena balances the relevance of the discovery sought, the requesting party's need, and

9   the potential hardship to the party subject to the subpoena." Gonzales, 234 F.R.D. at 680.

10          Rule 45(d)(3)(A) sets forth the bases for a court to quash or modify a subpoena, which

11   provides, in pertinent part, that "[o]n timely motion, the court for the district where compliance is

12   required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; . .

13   . or (iv) subjects a person to undue burden.  Fed. R. Civ. P. 45(d)(3)(A); see also Fed. R. Civ. P.

14   45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take

15   reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena

16   [and] [t]he court for the district where compliance is required must enforce this duty and impose

17   an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a

18   party or attorney who fails to comply.").

19          "Although irrelevance is not among the litany of enumerated reasons for quashing a

20   subpoena found in Rule 45, courts have incorporated relevance as a factor when determining

21   motions to quash a subpoena." Moon, 232 F.R.D. at 637 (citing Goodyear Tire & Rubber Co. v.

22   Kirk's Tire & Auto Servicenter, 211 F.R.D. 658, 662 (D. Kan. 2003)).  Thus, in determining

23   undue burden, the Court should weigh the burden of the subpoenaed party against the requested

24   information's relevance, need of the serving party for the information, the breadth of the

25   information requested, the time period covered by the request, and the particularity with which

26   the request is made.  Moon, 232 F.R.D. at 637.

27   / / /

28   / / /

3

# III.

## DISCUSSION

Defendant seeks to quash the motion proffering: the subpoena was served after the nonexpert discovery deadline; the subpoena fails to comply with Federal Rule of Civil Procedure 45(a)(2)-(3) because it was not signed by the Clerk of the Court; the subpoena is defective as it fails to identify the Court from which it issued under Federal Rule of Civil Procedure 45(a)(1)(A)(i); and because it fails to specify the time and place for compliance in violation of Federal Rule of Civil Procedure 45(a)(1)(A)(iii).

The Court's scheduling order, issued on January 23, 2022, set the deadline for completion of all nonexpert discovery as July 18, 2022.  (ECF No. 44.)  As noted in the Joint Statement, Plaintiff attempted to first serve a subpoena on or about July 18, 2022, that was not signed by the Clerk of the Court, and subsequently, the Clerk of the Court issued a new subpoena to Plaintiff for the same body cam footage, on or about July 22, 2022.  (JS at 3.)

While it appears Plaintiff served the subpoena after the nonexpert discovery deadline, it is not clear whether the *pro se* Plaintiff would be able to show diligence and good cause to amend the scheduling order.  The bodycam footage appears relevant to the Plaintiff's claims, if hypothetically, the Court were to extend the nonexpert discovery deadline, or the parties stipulated to a limited extension, and the *pro se* Plaintiff is allowed a reasonable amount of time to correct potential deficiencies and re-serve the subpoena.

However, the Court will not further opine on these issues because it is not clear whether the Defendant has standing to bring the motion, as currently presented in the form of a motion to quash a subpoena directed at a different nonparty to this action.

Generally, a party does not have standing to bring a motion to quash a subpoena that is directed to a nonparty, unless the party is asserting a privilege or some other ground that establishes standing.  See United States v. Tomison, 969 F. Supp. 587, 596 (E.D. Cal. 1997) ("A party only has standing to move to quash the subpoena issued to another when the subpoena infringes upon the movant's legitimate interests . . . Accordingly the government lacks standing to raise the exclusive grounds for quashing the subpoena, since it lacks the sine qua non of

1  standing, an injury in fact relative to those grounds."); <u>California Sportfishing Prot. All. v. Chico</u>

2  <u>Scrap Metal, Inc.</u>, 299 F.R.D. 638, 643 (E.D. Cal. 2014) ("The Ninth Circuit has yet to address

3  the question of whether a party has standing to bring a motion to quash since usually only the

4  subpoenaed non-party may move to quash.   The general rule, however, is that a party has

5  no standing to quash a subpoena served upon a third party, except as to claims of privilege

6  relating to the documents being sought.").  As recently explained:

> Under Federal Rule of Civil Procedure 45(a)(1)(C), a party may
> subpoena a nonparty to produce documents, electronically stored
> information, and tangible things. The court "must" quash or
> modify a subpoena if it "requires disclosure of privileged or other
> protected matter, if no exception or waiver applies." Fed. R. Civ.
> P. 45(d)(3)(A)(iii). The Ninth Circuit has "yet to address the
> question of whether a party has standing to bring a motion to quash
> since usually only the subpoenaed non-party may move to quash.
> The general rule, however, is that a party has no standing to quash
> a subpoena served upon a third party, except as to claims of
> privilege relating to the documents being sought." <u>California
> Sportfishing Prot. All. v. Chico Scrap Metal, Inc.</u>, 299 F.R.D. 638,
> 643 (E.D. Cal. 2014) (citing <u>Windsor v. Martindale</u>, 175 F.R.D.
> 665, 668 (D. Colo. 1997)); <u>see also</u> <u>Peccia v. Dep't of Corr. &
> Rehab.</u>, No. 2:18-cv-3049 JAM AC, 2020 WL 2556751, at *1
> (E.D. Cal. May 20, 2020) (citing <u>California Sportfishing</u>, 175
> F.R.D. at 643); <u>Robertson v. Catholic Cmty. Servs. of W.
> Washington</u>, No. C19-1618 RSM, 2020 WL 1819842, at *5 (W.D.
> Wash. Apr. 10, 2020) (same). Under this general rule, plaintiff
> lacks standing to object to the subpoena on grounds of relevance or
> undue burden. <u>Wells Fargo & Co. v. ABD Ins.</u>, No. C 12-03856
> PJH DMR, 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012). A
> party cannot seek to quash a Rule 45 subpoena except to the extent
> that it has "a personal right or privilege in the information sought
> to be disclosed." <u>Freed v. Home Depot U.S.A., Inc.</u>, No. 18cv359-
> BAS (LL), 2019 WL 582346, at *2 (S.D. Cal. Feb. 13, 2019)
> (quoting <u>Chevron Corp. v. Donziger</u>, 2013 WL 4536808, at *4
> (N.D. Cal. Aug. 22, 2013)).

22  <u>Krenitsky v. Kirsch</u>, No. 218CV0690WBSDBP, 2020 WL 5017270, at *1 (E.D. Cal. Aug. 25,

23  2020).  Noted in <u>Krenitsky</u>, "[i]n contrast to a motion to quash, a party has standing to seek a

24  protective order to limit discovery from a third party."  <u>Id.</u> at *1 n.1 (citing <u>Auto-Owners Ins. Co.

25  v. Southeast Floating Docks, Inc.</u>, 231 F.R.D. 426, 429 (M.D. Fla. 2005)).

26      Indeed, in the Joint Statement, Plaintiff asserts the lack of standing as a primary

27  argument, stating: "**Direct Rebuttal:** Respondent's argument for an order to quash fails for two

28  major reasons: lack of standing and lack of merit."  (JS at 9 (citing <u>Auto-Owners Ins.</u>, 231 F.R.D.

1   at 429-30).)

2        Defendant does not directly address Plaintiff's argument or standing at all.   Rather,

3   Defendant cites one case wherein the plaintiff filed a motion to quash subpoenas served by the

4   defendant on two non-party entities, and the court granted the motion to quash on the grounds

5   the scheduling order made clear that discovery was to be completed by the deadline, like the

6   scheduling order here.   Beecham v. Roseville City Sch. Dist., No. 2:15-cv-1022-KJM-EFB, 2017

7   U.S. Dist. LEXIS 77673, at *2 (E.D. Cal. May 22, 2017) ("The subpoenas at issue were not

8   served until April 2017, well after the deadline for completion of discovery . . . [c]onsequently,

9   the subpoenas issued by Van Wagner are untimely under the court's scheduling order.").

10  However, the order did not discuss standing.   Two cases were cited by the court.   In the first, the

11  subpoena was directed at the chief executive officer of the defendant movant company, and the

12  defendant asserted privilege.   Crayton v. Rochester Med. Corp., No. 1:07-CV-1318 OWW GSA,

13  2010 WL 392341, at *1 (E.D. Cal. Jan. 25, 2010).   The other involved a party's motion to

14  compel compliance with the subpoena, not a motion to quash.   nSight, Inc. v. PeopleSoft, Inc.,

15  No. 3:04CV3836MMC(MEJ), 2006 WL 988807, at *4 (N.D. Cal. Apr. 13, 2006).

16       The weight of the caselaw and the bases of the motion as submitted counsel the Court to

17  deny the motion for lack of standing.   The Court considered offering Defendant an opportunity to

18  submit supplemental briefing on this issue or to address at the hearing, however, the Court finds

19  Defendant had a full opportunity to address the issue of standing in light of Plaintiff's argument

20  raised in the Joint Statement, and did not do so.   Defendant had notice of the issue of standing.

21  Defendant either neglected to address the issue, or avoided the issue by only offering one case

22  that did not discuss standing.   Further, given the hearing on this motion is scheduled less than

23  fourteen (14) days prior to the notice of motion, the Court finds it more prudent to deny on the

24  grounds of lack of standing sooner than later.   In that regard, the Court takes no position on the

25  merits of Defendant's arguments as potentially applicable to a motion to quash brought by the

26  target of the subpoena, though the Court again notes it is not clear whether the *pro se* Plaintiff

27  may be able to show diligence and good cause to reopen discovery for this limited apparently

28  relevant evidence.

**IV.**

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1.   Defendant's motion to quash (ECF No. 52) is DENIED; and

2.   The hearing set for September 7, 2022, at 11:00 a.m., in Courtroom 9, is VACATED.

IT IS SO ORDERED.

Dated:   **August 29, 2022**

UNITED STATES MAGISTRATE JUDGE